Reuben D. Nathan, Esq. (SBN 208436)
Email:  *rnathan@nathanlawpractice.com*
**NATHAN & ASSOCIATES, APC**
2901 West Pacific Coast Highway, Suite 700
San Diego, California 92101
Tel:(619) 272-7014


**THE SULTZER LAW GROUP P.C.**
Jason P. Sultzer, Esq. *(pro hac vice)*
Joseph Lipari, Esq. *(pro hac vice)*
Adam Gonnelli, Esq. *(pro hac vice)*
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Tel: (845) 483-7100
sultzerj@thesultzerlawgroup.com


Attorneys for Plaintiff, Mona Paul and the
Proposed Class

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mona Paul, individually on behalf of herself and all others similarly situated and John Does (1-100) on behalf of themselves and all others similarly situated, | Case No. <br><br> **CLASS ACTION COMPLAINT** |
| Plaintiffs, | |
| v. | |
| Beaumont Products Incorporated d/b/a Clearly Natural Essentials, | **JURY TRIAL DEMANDED** |
| Defendant. | |

1

## CLASS ACTION COMPLAINT

Plaintiff Mona Paul (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated in the State of California, along with John Does from each state, by their attorneys, allege the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

## NATURE OF THE ACTION

1.      This action seeks to remedy the deceptive and misleading business practices of Beaumont Products Incorporated d/b/a Clearly Natural Essentials (hereinafter "Defendant") with respect to the marketing and sales of the Clearly Natural Essentials product line (hereinafter the "Products") throughout the State of California and the country:

- Clearly Natural Essentials Pure and Natural Tea Tree Glycerine Soap

- Clearly Natural Essentials Pure and Natural Aloe Vera Glycerine Soap

- Clearly Natural Essentials Pure and Natural Unscented Glycerine Soap

- Clearly Natural Essentials Pure and Natural Honeysuckle Glycerine Soap

- Clearly Natural Essentials Pure and Natural Unscented Glycerine Hand Soap

- Clearly Natural Essentials Pure and Natural Lemongrass Basil Glycerine Soap

- Clearly Natural Essentials Pure and Natural Vitamin E Glycerine Soap

2

**CLASS ACTION COMPLAINT**

- Clearly Natural Essentials Pure and Natural Lemon Glycerine Hand Soap

- Clearly Natural Essentials Pure and Natural Grapefruit Glycerine Hand Soap

- Clearly Natural Essentials Pure and Natural Lemon Glycerine Soap

- Clearly Natural Essentials Pure and Natural French Lavender Glycerine Soap

- Clearly Natural Essentials Pure and Natural Tea Tree Glycerine Hand Soap

- Clearly Natural Essentials Pure and Natural Peppermint Glycerine Soap

- Clearly Natural Essentials Pure and Natural Orange Glycerine Hand Soap

- Clearly Natural Essentials Pure and Natural Aloe Vera Glyercine Hand Soap

- Clearly Natural Essentials Pure and Natural Rainforest Glycerine Soap

- Clearly Natural Essentials Pure and Natural Cucumber Glycerine Soap

- Clearly Natural Essentials Pure and Natural Vitamin E Glycerine Hand Soap

- Clearly Natural Essentials Pure and Natural Almond Glycerine Soap

- Clearly Natural Essentials Pure and Natural Glycerine Body Lotion

**CLASS ACTION COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2.     Defendant manufactures, sells, and distributes the Products using a marketing and advertising campaign that is centered around claims appealing to health conscious consumers that their Products are "Clearly Natural" and "Pure and Natural". However, Defendant's advertising and marketing campaign is false, deceptive, and misleading because the Products contain various artificial and synthetic ingredients.

3.     Plaintiff and those similarly situated ("Class Members") relied on Defendant's misrepresentations that the Products are "Clearly Natural" and "Pure and Natural" when purchasing the Products.  Plaintiff and Class Members paid a premium for the Products over comparable products that did not purport to be "Clearly Natural" and "Pure and Natural". Given that Plaintiff and Class Members paid a premium for the Products based on Defendant's misrepresentations that they are "Clearly Natural" and "Pure and Natural" Plaintiff and Class Members suffered an injury in the amount of the premium paid.

4.     Defendant's conduct violated and continues to violate California Business Codes §§ 17200 and 1750, the consumer protection statutes of all 50 states, and the Magnuson-Moss Warranty Act.  Defendant breached and continues to breach its express and implied warranties regarding the Products.  Defendant has been and continues to be unjustly enriched.  Accordingly, Plaintiff brings this action against Defendant on behalf

**CLASS ACTION COMPLAINT**

of herself and Class Members who purchased the Products during the applicable statute of limitations period (the "Class Period").

## JURISDICTION AND VENUE

5.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).    Plaintiff Mona Paul is a citizen of the State of California.  Defendant is a corporation with its principal place of business in Kennesaw, Georgia, and is organized and existing under the laws of the State of Georgia.  Upon information and belief, the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

6.     This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the State of California, contracts to supply goods within the State of California, and supplies goods within the State of California.

7.     Venue is proper because Ms. Paul and many Class Members reside in the Central District of California, and throughout the State of California.

## PARTIES

**Plaintiff**

8.     Plaintiff Mona Paul is an individual consumer who, at all times material hereto, was a resident of Orange County, California.  During the Class Period she purchased the Products from Sprouts Farmer's Market in California.

**CLASS ACTION COMPLAINT**

9.     Ms. Paul purchased the Products because she saw the labeling, advertising, the Defendant's website, and read the packaging, which represented that the Products are "Clearly Natural" and "Pure and Natural".  Ms. Paul relied on Defendant's false, misleading, and deceptive representations that the Products are "Clearly Natural" and "Pure and Natural".  Had she known the truth—that the representations she relied upon in making her purchase were false, misleading, and deceptive—she would not have purchased the Products at a premium price.

**Defendant**

10.     Defendant is a corporation organized and existing under the laws of the State of Georgia with its principal place of business in Kennesaw, Georgia. Defendant manufactures, markets, advertises and distributes the Products throughout the United States.  Defendant created and/or authorized the false, misleading and deceptive advertisements, packaging and labeling for the Products.

## FACTUAL BACKGROUND

11.     Consumers have become increasingly concerned about the effects of synthetic and chemical ingredients in food, cleaning products, bath and beauty products and everyday household products.  Companies such as the Defendant have capitalized on consumers' desire for purportedly "natural products."  Indeed, consumers are willing to

**CLASS ACTION COMPLAINT**

pay, and have paid, a premium for products branded "natural" over products that contain synthetic ingredients.  In 2015, sales of natural products grew 9.5% to $180 billion.[1] Reasonable consumers, including Plaintiff and Class Members, value natural products for important reasons, including the belief that they are safer and healthier than alternative products that are not represented as natural.

12.     Despite the Products containing a number of synthetic ingredients, Defendant markets the Products as being "Clearly Natural" and "Pure and Natural".

13.     As is depicted below, the Products' packaging prominently represents that it is "Clearly Natural" and "Pure and Natural".  But, despite these representations, it contains ingredients that are not "Clearly Natural" and "Pure and Natural".  Plaintiff read and relied upon each of the aforementioned representations on the Products' packaging.

| Name of Product | Synthetic Ingredients | Photo of Product Packaging |
|---|---|---|
| | | |

---

[1] *Natural Products Industry Sales up 9.5% to $180bn Says NBJ,* FOOD NAVIGATOR, http://www.foodnavigator-usa.com/Markets/EXPO-WEST-

**CLASS ACTION COMPLAINT**

| | | |
|---|---|---|
| Clearly Natural Essentials Pure and Natural Tea Tree Glycerine Soap | • Glycerine<br>• Sodium Citrate |  |
| Clearly Natural Essentials Pure and Natural Aloe Vera Glycerine Soap | • Glycerin<br>• Sodium Citrate | |

8

**CLASS ACTION COMPLAINT**

| Clearly Natural Essentials Pure and Natural Unscented Glycerine Soap | • Glycerin<br>• Sodium Citrate |  |
| Clearly Natural Essentials Pure and Natural Honeysuckle Glycerine Soap | • Glycerin<br>• Sodium Citrate |  |

9

**CLASS ACTION COMPLAINT**

| | | |
|---|---|---|
| Clearly Natural Essentials Pure and Natural Unscented Glycerine Hand Soap | • Glycerin<br>• Sodium Chloride<br>• Tocopherol Acetate<br>• Ethylhexylglycerin<br>• Decyl Glucoside<br>• Phenoxyethanol |  |
| Clearly Natural Essentials Pure and Natural Lemongrass Basil Glycerine Soap | • Glycerine<br>• Sodium Citrate |  |

**CLASS ACTION COMPLAINT**

| Clearly Natural Essentials Pure and Natural Vitamin E Glycerine Soap | <ul><li>Glycerin</li><li>Sodium Citrate</li><li>Tocopherol Acetate</li></ul> |  |
|---|---|---|
| Clearly Natural Essentials Pure and Natural Lemon Glycerine Hand Soap | <ul><li>Glycerine</li><li>Sodium Chloride</li><li>Tocopherol Acetate</li></ul> |  |

**CLASS ACTION COMPLAINT**

| Clearly Natural Essentials Pure and Natural Grapefruit Glycerin Hand Soap | • Glycerine<br>• Sodium Chloride<br>• Tocopherol Acetate<br>• Ethylhexylglycerin |  |
|---|---|---|
| Clearly Natural Essentials Pure and Natural Lemon Glycerine Soap | • Glycerin<br>• Sodium Citrate |  |

12

**CLASS ACTION COMPLAINT**

| Clearly Natural Essentials Pure and Natural French Lavender Glycerine Soap | • Glycerine<br>• Sodium Citrate |  |
|---|---|---|
| Clearly Natural Essentials Pure and Natural Tea Tree Glycerine Hand Soap | • Glycerine<br>• Sodium Chloride<br>• Tocopherol Acetate |  |

**CLASS ACTION COMPLAINT**

| | | |
|---|---|---|
| Clearly Natural Essentials Pure and Natural Peppermint Glycerine Hand Soap | • Glycerin<br>• Sodium Citrate |  |
| Clearly Natural Essentials Pure and Natural Orange Glycerine Hand Soap | • Glycerine<br>• Sodium Chloride<br>• Tocopherol Acetate |  |

14

**CLASS ACTION COMPLAINT**

| Clearly Natural Essentials Pure and Natural Aloe Vera Glycerine Hand Soap | • Glycerin<br>• Sodium Chloride<br>• Tocopherol Acetate<br>• Ethylhexylglycerin |  |
|---|---|---|
| Clearly Natural Essentials Pure and Natural Rainforest Glycerine Soap | • Glycerin<br>• Sodium Citrate |  |

15

**CLASS ACTION COMPLAINT**

| Clearly Natural Essentials Pure and Natural Cucumber Glycerine Soap | • Glycerin<br>• Sodium Citrate |  |
| --- | --- | --- |

16

**CLASS ACTION COMPLAINT**

| | | |
|---|---|---|
| Clearly Natural Essentials Pure and Natural Vitamin E Glycerine Hand Soap | • Glycerine<br>• Sodium Chloride<br>• Tocopherol Acetate |  |
| Clearly Natural Essentials Pure and Natural Almond Glycerine Soap | • Glycerine<br>• Sodium Citrate |  |

17

**CLASS ACTION COMPLAINT**

| Clearly Natural Essentials Pure and Natural Unscented Glycerine Body Lotion | • Glycerine<br>• Cetyl Alcohol<br>• Phenoxyethanol |  |
| --- | --- | --- |

14.    Defendant's representations that the Products are "Clearly Natural" and "Pure and Natural" are false, misleading, and deceptive because the Products contain multiple ingredients that are, as explained below, synthetic and artificial.

> a. **Sodium Citrate** is the sodium salt of citric acid synthesized by reacting sodium carbonate with citric acid, and is often used as an anticoagulant or blood thinner. It is a recognized synthetic chemical under federal regulations. *See* 7 C.F.R. §205.605(b).

**CLASS ACTION COMPLAINT**

b. **Tocopherol (Acetate)** is a synthetic, inert ingredient used pre and post-harvest as an ingredient in pesticide formulations applied to growing crops or to raw agricultural commodities after harvest. *See* 40 C.F.R. §180.910.

c. **Decyl Glucoside** is a synthetic ingredient obtained by the condensation of decyl alcohol and glucose. [2]

d. **Cetearyl Alcohol/Cetyl Alcohol/Stearyl Alcohol** is a synthetic substance and adjuvant. *See* 21 C.F.R. §172.515.

e. **Phenoxyethanol** is a synthetic substance and adjuvant. *See* 21 C.F.R. §172.515. [3]

f. **Sodium Chloride** is a synthetic and hazardous chemical substance. [4]

g. **Ethylhexylglycerin** is a synthetic derived from vegetable glycerin. (See below).

h. **Glycerin** is a factory-produced texturizer that is created by complex processing. It is recognized by federal regulations as synthetic. *See* 7 C.F.R. § 205.605(b). It is commonly used as a filler and thickening agent. It requires multiple processing steps in an industrial environment to create

---

[2] http://www.newdirections.com.au/articles/images/Decyl-Glucoside-and-Other-Alkyl-Glucosides-as-Used-in-Cosmetics.pdf
[3] The Federal Trade Commission, recognizing that many of these same ingredients are unquestionably synthetic, has filed complaints against companies that have used these ingredients in products promoted as natural. **Attachment A**
[4] https://whatsinproducts.com/files/brands_pdf/1391295214.pdf

**CLASS ACTION COMPLAINT**

Glycerin.  Therefore, it cannot be described as "natural."  A technical evaluation report compiled by the USDA AMS Agricultural Analytics Division for the USDA National Organic Program explains that Glycerin is "produced by a hydrolysis of fats and oils" and is listed in the USDA Organic Program's National List as a "synthetic nonagricultural (nonorganic) substance."  The same report lists several methods of producing Glycerin, each of which involve numerous steps that include the use of high temperatures and pressure and purification to get an end product.

| Table 2 Processes for producing glycerin by hydrolysis of fats and oils[5] | |
|---|---|
| Lemmens Fryer's Process | Oil or fat is subjected in an autoclave to the conjoint action of heat and pressure (about 100 PSI) in the presence of an emulsifying and accelerating agent, e.g. zinc oxide or hydroxide (sodium hydroxide can be substituted) for about eight hours. The strong solution of glycerin formed is withdrawn and replaced by a quantity of hot, clean and preferably distilled water equal to about one third to one fourth of the weight |

---

[5] https://www.ams.usda.gov/sites/default/files/media/Glycerin%20Petitio n%20to%20remove%20TR%202013.pdf

**CLASS ACTION COMPLAINT**

| | |
|---|---|
| | of the original charge of oil or fat and treatment continued for an additional four hours. The dilute glycerin obtained from the latter part of the process is drawn off and used for the initial treatment of the further charge of oil or fat. |
| Budde and Robertson's Process | The oils or fats are heated and mechanically agitated with water and sulphuric acid gas, under pressure in a closed vessel or autoclave. The advantage claimed for the process are that the contents of the vessel are free from foreign matter introduced by reagents and need no purification; that the liberated glycerin is in the form of a pure and concentrated solution; that no permanent emulsion is formed and that the fatty acids are not discolored. |
| Ittner's Process | Coconut oil is kept in an autoclave in the presence of water at 70 atmospheres pressure and 225-245oC temperature and split into fatty acids and glycerin, both being soluble under these conditions in water. The glycerin solution separates in the bottom of the autoclave. The aqueous solution contains at the end of the splitting process more than |

**CLASS ACTION COMPLAINT**

| | |
|---|---|
| | 30 percent glycerin. |
| Continuous High Pressure Hydrolysis | In this process a constant flow of fat is maintained flowing upward through an autoclave column tower against a downward counterflow of water at a pressure of 600 PSI maintained at temperature of 480-495oF. Under these conditions, the fat is almost completely miscible in water and the hydrolysis take place in a very short time. The liberated fatty acids, washed free of glycerin by the downward percolating water, leave the top of the column and pass through a flash tank while the liberated glycerin dissolves in the downward flow of water and is discharged from the bottom of the tower into the sweet-water storage tank. |

15.     Given the presence of these synthetic and artificial ingredients in the Products, Defendant's representations that they are "Clearly Natural" and "Pure and Natural" are deceptive, false, and misleading.

16.     Congress has defined "synthetic" to mean a substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring plants, animals, or mineral sources, expect that such

**CLASS ACTION COMPLAINT**

term shall not apply to substances created by naturally occurring biological processes. 7 U.S.C. § 6502 (2.1).

17.    Surveys and other market research, including expert testimony Plaintiff intends to introduce, will demonstrate that the term "natural" is misleading to a reasonable consumer because the reasonable consumer believes that the term "natural," when used to describe a good such as the Products, means that it is free of synthetic ingredients.

18.    Consumers lack the meaningful ability to test or independently ascertain or verify whether a product is natural, especially at the point of sale.  Consumers would not know the true nature of the ingredients merely by reading the ingredients label.

19.    Discovering that the ingredients are not natural and are actually synthetic requires a scientific investigation and knowledge of chemistry beyond that of the average consumer.  That is why, even though all of the ingredients listed above are identified on the back of the Products' packaging in the ingredients listed, the reasonable consumer would not understand – nor is he expected to understand - that these ingredients are synthetic.

20.    Moreover, the reasonable consumer is not expected or required to scour the ingredients list on the back of the Products in order to confirm or debunk Defendant's

**CLASS ACTION COMPLAINT**

prominent front-of-the-Products claims, representations, and warranties that the Products are "Clearly Natural" and "Pure and Natural".

21.     Defendant did not disclose that any of the ingredients listed above are synthetic ingredients.  A reasonable consumer understands Defendant's "Clearly Natural" and "Pure and Natural" claims to mean that the Products are "Clearly Natural" and "Pure and Natural" and does not contain synthetic ingredients.

22.     Defendant's representations that the Products are "Clearly Natural" and "Pure and Natural", induced consumers, including Plaintiff and Class Members, to pay a premium to purchase the Products.  Plaintiff and Class Members relied on Defendant's false and misleading misrepresentations in purchasing the Products at a premium price above comparable alternatives that are not represented to be "Clearly Natural" and "Pure and Natural".  If not for Defendant's misrepresentations, Plaintiff and Class Members would not have been willing to purchase the Products at a premium price.  Accordingly, they have suffered an injury as a result of Defendant's misrepresentations.

## CLASS ALLEGATIONS

23.     Plaintiff brings this matter on behalf of herself and those similarly situated. As detailed at length in this Complaint, Defendant orchestrated deceptive marketing and labeling practices.  Defendant's customers were uniformly impacted by and exposed to

**CLASS ACTION COMPLAINT**

this misconduct.  Accordingly, this Complaint is uniquely situated for class-wide resolution, including injunctive relief.

24.     The Class is defined as all consumers who purchased the Products anywhere in the United States during the Class Period (the "Class").

25.     Ms. Paul also seeks certification, to the extent necessary or appropriate, of a subclass of individuals who purchased the Products in the State of California at any time during the Class Period (the "California Subclass").

26.     The Class and the state subclass will be referred to collectively throughout the Complaint as the "Class."

27.     The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

28.     <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable.  Plaintiff believes that there are thousands of consumers who are Class Members described above who have been damaged by Defendant's deceptive and misleading practices.

29.     <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

**CLASS ACTION COMPLAINT**

a.  Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

b.  Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant has engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of its Products;

c.  Whether Defendant made false and/or misleading statements to the Class and the public concerning the content and safety of its Products;

d.  Whether Defendant's false and misleading statements concerning its Products were likely to deceive the public;

e.  Whether Plaintiff and the Class are entitled to injunctive relief; and

f.  Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members.

30.  <u>Typicality</u>: Plaintiff is a member of the Class and the California state subclass.  Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased the Defendant's Products.  Plaintiff is entitled to relief under the same causes of action as the other Class Members.

**CLASS ACTION COMPLAINT**

31.     Adequacy: Plaintiff is an adequate Class representative because her interests do not conflict with the interests of the Class Members they seek to represent; her consumer fraud claims are common to all members of the Class and she has a strong interest in vindicating their rights; and she has retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action.  Plaintiff has no interests which conflict with those of the Class.  The Class Members' interests will be fairly and adequately protected by Plaintiff and her counsel. Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members.  The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

32.     The Class is properly brought and should be maintained as a class action under Rule 23(b) because a class action is superior to traditional litigation of this controversy.  Pursuant to Rule 23(b)(3), common issues of law and fact predominate over any other questions affecting only individual members of the Class.  The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's deceptive and misleading marketing and labeling practices.  In addition, this Class is superior to other methods for fair and efficient adjudication of this controversy because, *inter alia*:

**CLASS ACTION COMPLAINT**

33.     <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

    a.  The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

    b.  The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

    c.  When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

    d.  This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

    e.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

    f.  This class action will assure uniformity of decisions among Class Members;

**CLASS ACTION COMPLAINT**

g.  The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h.  Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action; and

i.  It would be desirable to concentrate in this single venue the litigation of all plaintiffs who were induced by Defendant's uniform false advertising to purchase the products as being "Clearly Natural" and "Pure and Natural".

34.   Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

**INJUNCTIVE CLASS RELIEF**

35.   Rules 23(b)(1) and (2) contemplate a class action for purposes of seeking class-wide injunctive relief.  Here, Defendant has engaged in conduct resulting in misleading consumers about ingredients in its Products.  Since Defendant's conduct has been uniformly directed at all consumers in the United States, and the conduct continues presently, injunctive relief on a class-wide basis is a viable and suitable solution to

**CLASS ACTION COMPLAINT**

remedy Defendant's continuing misconduct. Plaintiff would purchase the Products again if the ingredients were changed so that they indeed were "Clearly Natural" and "Pure and Natural".

36.     The injunctive Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

   a.  Numerosity: Individual joinder of the injunctive Class Members would be wholly impracticable.  Defendant's Products have been purchased by thousands of people throughout the United States;

   b.  Commonality: Questions of law and fact are common to members of the Class.  Defendant's misconduct was uniformly directed at all consumers. Thus, all members of the Class have a common cause against Defendant to stop its misleading conduct through an injunction.  Since the issues presented by this injunctive Class deal exclusively with Defendant's misconduct, resolution of these questions would necessarily be common to the entire Class.  Moreover, there are common questions of law and fact inherent in the resolution of the proposed injunctive class, including, *inter alia*:

      i.  Resolution of the issues presented in the 23(b)(3) class;

**CLASS ACTION COMPLAINT**

      ii.  Whether members of the Class will continue to suffer harm by virtue of Defendant's deceptive product marketing and labeling; and

     iii.  Whether, on equitable grounds, Defendant should be prevented from continuing to deceptively mislabel its Products as being "Clearly Natural" and "Pure and Natural".

c.  <u>Typicality</u>: Plaintiff's claims are typical of the claims of the injunctive Class because her claims arise from the same course of conduct (i.e. Defendant's deceptive and misleading marketing, labeling, and advertising practices). Plaintiff is typical representatives of the Class because, like all members of the injunctive Class, she purchased Defendant's Products which were sold unfairly and deceptively to consumers throughout the United States.

d.  <u>Adequacy</u>: Plaintiff will fairly and adequately represent and protect the interests of the injunctive Class.  Her consumer protection claims are common to all members of the injunctive Class and they have a strong interest in vindicating their rights.  In addition, Plaintiff and the Class are represented by counsel who is competent and experienced in both consumer protection and class action litigation.

37.    The injunctive Class is properly brought and should be maintained as a class action under Rule 23(b)(2) because Plaintiff seeks injunctive relief on behalf of the Class

**CLASS ACTION COMPLAINT**

Members on grounds generally applicable to the entire injunctive Class.  Certification under Rule 23(b)(2) is appropriate because Defendant has acted or refused to act in a manner that applies generally to the injunctive Class (i.e. Defendant has marketed its Products using the same misleading and deceptive labeling to all of the Class Members). Any final injunctive relief or declaratory relief would benefit the entire injunctive Class as Defendant would be prevented from continuing its misleading and deceptive marketing practices and would be required to honestly disclose to consumers the nature of the contents of its Products. Plaintiff would purchase the Products again if the ingredients were changed so that they indeed were "Clearly Natural" and "Pure and Natural".

**FIRST CAUSE OF ACTION**
**VIOLATION OF CAL. BUS. & PROF. CODE § 17200, ET SEQ.**
**(On behalf of Ms. Paul and the California Subclass)**

38.    Plaintiff repeats and reallege each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

39.    Ms. Paul has standing to pursue this claim under California's Unfair Competition Law ("UCL") because she suffered an injury-in-fact and lost money as a result of Defendant's unfair practices.  Specifically, Ms. Paul expended more money in the transaction than she otherwise would have due to Defendant's conduct.

**CLASS ACTION COMPLAINT**

40.     Advertising and labeling the Products as "Clearly Natural" when they contain synthetic ingredients constitutes a course of unfair conduct within the meaning of Cal. Civ. Code § 17200, et seq.

41.     The conduct of the defendant harms the interests of consumers and market competition.  There is no valid justification for defendant's conduct.

42.     Defendant engaged in unlawful business acts and practices by breaching implied and express warranties, and violating the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq.

43.     Defendant engaged in fraudulent business practices by knowingly misrepresenting the Products as "Clearly Natural" when they contain synthetic ingredients.  Such practices are devoid of utility and outweighed by the gravity of harm to Ms. Paul and the California Subclass who lost money or property by paying for the defective product.

44.     Each of Defendant's unfair, unlawful and fraudulent practices enumerated above was the direct and proximate cause of financial injury to Ms. Paul and the Class. Defendant has unjustly benefitted as a result of its wrongful conduct. Ms. Paul and California Class members are accordingly entitled to have Defendant disgorge and restore to Ms. Paul and California Class members all monies wrongfully obtained by Defendant as a result of the conduct as alleged herein.

**CLASS ACTION COMPLAINT**

45.     Pursuant to section 17203 of the California Business and Professions Code, Ms. Paul and the Class seek an order of this Court enjoining Defendant from continuing to engage in unfair, unlawful and deceptive practices and any other act prohibited by law, including the acts set forth herein.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CAL. CIV. CODE § 1750, ET SEQ.**
**(On behalf of Ms. Paul and the California Subclass)**

46.     Plaintiff repeats and re-alleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

47.     The Consumers Legal Remedies Act ("CLRA") was enacted to protect consumers against unfair and deceptive business practices.  The CLRA applies to Defendant's acts and practices because the Act covers transactions involving the sale of goods to consumers.

48.     Ms. Paul and members of the California Subclass members are "consumers" within the meaning of section 1761(d) of the California Civil Code, and they engaged in "transactions" within the meaning of sections 1761(e) and 1770 of the California Civil Code, including the purchases of the Products.

49.     The Products are "goods" under Cal. Civ. Code §1761(a).

**CLASS ACTION COMPLAINT**

50.     Defendant's unfair and deceptive business practices were intended to and did result in the sale of the Products.

51.     Defendant violated the CLRA by engaging in the following unfair and deceptive practices:

52.     Representing that Products have characteristics, uses or benefits that they do not have, in violation of section 1770(a)(5);

53.     Representing that Products are of a particular standard, quality, or grade when they are not, in violation of section 1770(a)(7); and

54.     Advertising Products with the intent not to sell them as advertised, in violation of section 1770(a)(9).

55.     If Ms. Paul and the California Class members had known this fact, they would not have purchased the Products at all or purchased the Products at the prices they did.

56.     As a direct and proximate result of Defendant's conduct, Ms. Paul and the California Class suffered injury and damages in an amount to be determined at trial.

57.     Pursuant to California Civil Code § 1782(a), Ms. Paul sent Defendant a CLRA notice letter via certified mail, return receipt requested on May 25, 2017, which was delivered on May 31, 2017, advising Defendant that it is in violation of the CLRA

**CLASS ACTION COMPLAINT**

and must correct, repair, replace or otherwise rectify the goods alleged to be in violation of § 1770.

58.     More than thirty days have passed since the delivery of the letter and Defendant has not responded to the letter or taken any remedial action.

59.     At this time, Ms. Paul seeks injunctive relief as well as damages under the CLRA.

## THIRD CAUSE OF ACTION
## VIOLATION OF STATE CONSUMER PROTECTION STATUTES
### (On Behalf of Plaintiff and All Class Members)

60.     Plaintiff repeats and re-alleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

61.     Plaintiff and Class Members have been injured as a result of Defendant's violations of the following state consumer protection statutes, which also provide a basis for redress to Plaintiff and Class Members based on Defendant's fraudulent, deceptive, unfair and unconscionable acts, practices and conduct.

62.     Defendant's conduct as alleged herein violates the consumer protection, unfair trade practices and deceptive acts laws of each of the following jurisdictions:

**CLASS ACTION COMPLAINT**

a.    **Alaska:** Defendant's practices were and are in violation of Alaska's Unfair Trade Practices and Consumer Protection Act, Alaska Stat. § 45.50.471, *et seq.*

b.    **Arizona:**  Defendant's practices were and are in violation of Arizona's Consumer Fraud Act, Ariz. Rev. Stat. Ann. §§ 44-1521, *et seq.*

c.    **Arkansas:**  Defendant's practices were and are in violation of Arkansas Code Ann. § 4-88-101, *et seq.*

d.    **Colorado**:  Defendant's practices were and are in violation of Colorado's Consumer Protection Act, Colo. Rev. Stat. §§ 61-1-101, *et seq.*

e.    **Connecticut:**  Defendant's practices were and are in violation of Connecticut's Gen. Stat. § 42-110a, *et seq.*

f.    **Delaware:**  Defendant's practices were and are in violation of Delaware's Consumer Fraud Act, Del. Code Ann. tit. 6, § 2511, *et seq.* and the Deceptive Trade Practices Act, Del. Code Ann. tit. 6, § 2531, *et seq.*

g.    **District of Columbia:**  Defendant's practices were and are in violation of the District of Columbia's Consumer Protection Act, D.C. Code § 28-3901, *et seq.*

h.    **Florida:**  Defendant's practices were and are in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.*

**CLASS ACTION COMPLAINT**

i.  **Hawaii:**  Defendant's practices were and are in violation of the Hawaii's Uniform Deceptive Trade Practices Act, Haw. Rev. Stat. § 481A-1, *et seq.* and Haw. Rev. Stat. § 480-2.

j.  **Idaho:**  Defendant's practices were and are in violation of Idaho's Consumer Protection Act, Idaho Code Ann. § 48-601, *et seq.*

k.  **Illinois:**  Defendant's acts and practices were and are in violation of Illinois' Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/2; and Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2.

l.  **Indiana:**  Defendant's practices were and are in violation of Indiana's Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5-1, *et seq.*

m.  **Kansas:**  Defendant's practices were and are in violation of Kansas's Consumer Protection Act, Kat. Stat. Ann. § 50-623, *et seq.*

n.  **Kentucky:**  Defendant's practices were and are in violation of Kentucky's Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110, *et seq.*

o.  **Maine:**  Defendant's practices were and are in violation of the Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. Ann. Tit. 5, § 205-A, *et seq.* and 10 Me. Rev. Stat. Ann. § 1101, *et seq.*

38

**CLASS ACTION COMPLAINT**

p.    **Maryland:**  Defendant's practices were and are in violation of Maryland's Consumer Protection Act, Md. Code Ann. Com. Law § 13-101, *et seq*.

q.    **Massachusetts:**  Defendant's practices were unfair and deceptive acts and practices in violation of Massachusetts' Consumer Protection Act, Mass. Gen. Laws ch. 93A, § 2.

r.    **Michigan:**  Defendant's practices were and are in violation of Michigan's Consumer Protection Act, Mich. Comp. Laws Ann. § 445.901, *et seq*.

s.    **Minnesota:**  Defendant's practices were and are in violation of Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. § 325F.68, *et seq.* and the Unlawful Trade Practices law, Minn. Stat. § 325D.09, *et seq*.

t.    **Missouri:**  Defendant's practices were and are in violation of Missouri's Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et seq*.

*u.*    **Nebraska:**  Defendant's practices were and are in violation of Nebraska's Consumer Protection Act, Neb. Rev. Stat. § 59-1601, *et seq.* and the Uniform Deceptive Trade Practices Act, § 87-302, *et seq*.

v.    **Nevada:**  Defendant's practices were and are in violation of Nevada's Deceptive Trade Practices Act, Nev. Rev. Stat. Ann. §§ 598.0903 and 41.600.

**CLASS ACTION COMPLAINT**

w.   **New Hampshire:**  Defendant's practices were and are in violation of New Hampshire's Regulation of Business Practices for Consumer Protection, N.H. Rev. Stat. Ann. § 358-A:1, *et seq*.

x.   **New Jersey:**  Defendant's practices were and are in violation of New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq*.

y.   **New Mexico:**  Defendant's practices were and are in violation of New Mexico's Unfair Practices Act, N.M. Stat. Ann. § 57-12-1, *et seq*.

z.   **North Carolina:**  Defendant's practices were and are in violation of North Carolina's Unfair Deceptive Trade Practices Act, N.C. Gen. Stat. Ann. § 75-1, *et seq*.

aa.  **North Dakota:**  Defendant's practices were and are in violation of North Dakota's Unlawful Sales or Advertising Practices law, N.D. Cent. Code § 51-15-01, *et seq*.

bb.  **Ohio:**  Defendant's practices were and are in violation of Ohio's Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, *et seq*. and Ohio's Deceptive Trade Practices Act. Ohio Rev. Code Ann. § 4165.01, *et seq*.

cc.  **Oklahoma:**  Defendant's practices were and are in violation of Oklahoma's Consumer Protection Act, Okla. Stat. Ann. tit. 15 § 751, *et seq*., and

**CLASS ACTION COMPLAINT**

Oklahoma's Deceptive Trade Practices Act, Okla. Stat. Ann. tit. 78 § 51, *et seq*.

dd.  **Oregon:**  Defendant's practices were and are in violation of Oregon's Unlawful Trade Practices law, Or. Rev. Stat. § 646.605, *et seq*.

ee.  **Pennsylvania:**  Defendant's practices were and are in violation of Pennsylvania's Unfair Trade Practice and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1, *et seq*.

ff.  **Rhode Island:**  Defendant's practices were and are in violation of Rhode Island's Deceptive Trade Practices Act, R.I. Gen. Laws § 6-13.1-1, *et seq*.

gg.  **South Dakota:**  Defendant's practices were and are in violation of South Dakota's Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws § 37-24-1, *et seq*.

hh.  **Texas:**  Defendant's practices were and are in violation of Texas' Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41, *et seq*.

ii.  **Utah:**  Defendant's practices were and are in violation of Utah's Consumer Sales Practices Act, Utah Code Ann. § 13-11-1, *et seq.*, and Utah's Truth in Advertising Law, Utah Code Ann. § 13-11a-1, *et seq*.

**CLASS ACTION COMPLAINT**

jj.  **Vermont:**  Defendant's practices were and are in violation of Vermont's Consumer Fraud Act, Vt. Stat. Ann. tit. 9 § 2451, *et seq.*

kk.  **Washington:**  Defendant's practices were and are in violation of Washington Consumer Protection Act, Wash. Rev. Code Ann. § 19.86, *et seq.*

ll.  **West Virginia:**  Defendant's practices were and are in violation of West Virginia's Consumer Credit and Protection Act, W. Va. Code § 46A-6-101, *et seq.*

mm. **Wisconsin:**  Defendant's practices were and are in violation of Wisconsin's Consumer Act, Wis. Stat. §421.101, *et seq.*

nn.  **Wyoming:**  Defendant's practices were and are in violation of Wyoming's Consumer Protection Act, Wyo. Stat. Ann. §40-12-101, *et seq.*

63.  Defendant violated the aforementioned states' unfair and deceptive acts and practices laws by representing that the Products are "Clearly Natural" and "Pure and Natural".

64.  Contrary to Defendant's representations, the Products are not "Clearly Natural" and "Pure and Natural".

65.  Defendant's misrepresentations were material to Plaintiff's and Class Members' decision to pay a premium for the Products.

**CLASS ACTION COMPLAINT**

66.     Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

67.     As a result of Defendant's violations of the aforementioned states' unfair and deceptive practices laws, Plaintiff and Class Members paid a premium for the Products.

68.     As a result of Defendant's violations, Defendant has been unjustly enriched.

69.     Pursuant to the aforementioned states' unfair and deceptive practices laws, Plaintiff and Class Members are entitled to recover compensatory damages, restitution, punitive and special damages including but not limited to treble damages, reasonable attorneys' fees and costs and other injunctive or declaratory relief as deemed appropriate or permitted pursuant to the relevant law.

## FOURTH CAUSE OF ACTION
## BREACH OF EXPRESS WARRANTY
### (On Behalf of Plaintiff and All Class Members)

70.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

71.     Defendant provided the Plaintiff and Class Members with an express warranty in the form of written affirmations of fact promising and representing that the Products are "Clearly Natural" and "Pure and Natural".

**CLASS ACTION COMPLAINT**

72.     The above affirmations of fact were not couched as "belief" or "opinion," and were not "generalized statements of quality not capable of proof or disproof."

73.     These affirmations of fact became part of the basis for the bargain and were material to the Plaintiff's and Class Members' transactions.

74.     Plaintiff and Class Members reasonably relied upon the Defendant's affirmations of fact and justifiably acted in ignorance of the material facts omitted or concealed when they decided to buy Defendant's Products.

75.     Within a reasonable time after she knew or should have known of Defendant's breach, Plaintiff, on behalf of herself and Class Members, placed Defendant on notice of its breach, giving Defendant an opportunity to cure its breach, which it refused to do.

76.     Defendant breached the express warranty because the Products are not "Clearly Natural" and "Pure and Natural".

77.     Defendant thereby breached the following state warranty laws:

a.     Code of Ala. § 7-2-313;

b.     Alaska Stat. § 45.02.313;

c.     A.R.S. § 47-2313;

d.     A.C.A. § 4-2-313;

e.     Cal. Comm. Code § 2313;

**CLASS ACTION COMPLAINT**

f.      Colo. Rev. Stat. § 4-2-313;

g.      Conn. Gen. Stat. § 42a-2-313;

h.      6 Del. C. § 2-313;

i.      D.C. Code § 28:2-313;

j.      Fla. Stat. § 672.313;

k.      O.C.G.A. § 11-2-313;

l.      H.R.S. § 490:2-313;

m.      Idaho Code § 28-2-313;

n.      810 I.L.C.S. 5/2-313;

o.      Ind. Code § 26-1-2-313;

p.      Iowa Code § 554.2313;

q.      K.S.A. § 84-2-313;

r.      K.R.S. § 355.2-313;

s.      11 M.R.S. § 2-313;

t.      Md. Commercial Law Code Ann. § 2-313;

u.      106 Mass. Gen. Laws Ann. § 2-313;

v.      M.C.L.S. § 440.2313;

w.      Minn. Stat. § 336.2-313;

x.      Miss. Code Ann. § 75-2-313;

**CLASS ACTION COMPLAINT**

y.      R.S. Mo. § 400.2-313;

z.      Mont. Code Anno. § 30-2-313;

aa.     Neb. Rev. Stat. § 2-313;

bb.     Nev. Rev. Stat. Ann. § 104.2313;

cc.     R.S.A. 382-A:2-313;

dd.     N.J. Stat. Ann. § 12A:2-313;

ee.     N.M. Stat. Ann. § 55-2-313;

ff.     N.Y. U.C.C. Law § 2-313;

gg.     N.C. Gen. Stat. § 25-2-313;

hh.     N.D. Cent. Code § 41-02-30;

ii.     II. O.R.C. Ann. § 1302.26;

jj.     12A Okl. St. § 2-313;

kk.     Or. Rev. Stat. § 72-3130;

ll.     13 Pa. Rev. Stat. § 72-3130;

mm.     R.I. Gen. Laws § 6A-2-313;

nn.     S.C. Code Ann. § 36-2-313;

oo.     S.D. Codified Laws, § 57A-2-313;

pp.     Tenn. Code Ann. § 47-2-313;

qq.     Tex. Bus. & Com. Code § 2.313;

**CLASS ACTION COMPLAINT**

rr.     Utah Code Ann. § 70A-2-313;

ss.     9A V.S.A. § 2-313;

tt.     Va. Code Ann. § 59.1-504.2;

uu.     Wash. Rev. Code Ann. § 6A.2-313;

vv.     W. Va. Code § 46-2-313;

ww.     Wis. Stat. § 402.313;

xx.     Wyo. Stat. § 34.1-2-313.

78.     As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and Class Members were damaged in the amount of the price they paid for the Products, in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE MAGNUSON-MOSS**

**WARRANTY ACT, 15 U.S.C. § 2301 *et seq.***

**(On Behalf of Plaintiff and All Class Members)**

79.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

80.     Plaintiff brings this claim individually and on behalf of all members of the Class. Upon certification, the Class will consist of more than 100 named Plaintiffs.

**CLASS ACTION COMPLAINT**

81.     The Magnuson-Moss Warranty Act provides a federal remedy for consumers who have been damaged by the failure of a supplier or warrantor to comply with any obligation under a written warranty or implied warranty, or other various obligations established under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

82.     The Products are "consumer products" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(1).

83.     and other members of the Class are "consumers" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(3).

84.     Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301(4) & 2301(5).

85.     Defendant represented in writing that the Products are "Clearly Natural" and "Pure and Natural".

86.     These statements were made in connection with the sale of the Products and relate to the nature of the Products and affirm and promise that the Products are as represented and defect free and, as such, are "written warranties" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(6)(A).

87.  As alleged herein, Defendant breached the written warranty by selling consumers Products that are not "Clearly Natural" and "Pure and Natural".

**CLASS ACTION COMPLAINT**

88.  The Products do not conform to the Defendant's written warranty and therefore violates the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*  Consequently, Plaintiff and the other members of the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for judgment as follows:

(a) Declaring this action to be a proper class action under Rule 23 of the FRCP and certifying Plaintiff as the representative of the nationwide class; and Ms. Paul as the representative of the California Subclass;

(b) Entering preliminary and permanent injunctive relief against Defendant, directing Defendant to correct its practices and to comply with consumer protection statutes nationwide, including California consumer protection laws;

(c) Awarding monetary damages, including treble damages;

(d) Awarding punitive damages;

49

**CLASS ACTION COMPLAINT**

(e) Awarding Plaintiff and Class Members their costs and expenses incurred in this

    action, including reasonable allowance of fees for Plaintiff's attorneys and experts,

    and reimbursement of Plaintiff's expenses; and

(f) Granting such other and further relief as the Court may deem just and proper.

Dated:  July 18, 2017

**NATHAN & ASSOCIATES, APC**

By: _____ /s/ Reuben D. Nathan

Reuben D. Nathan, Esq.
Email: *rnathan@nathanlawpractice.com*
2901 West Pacific Coast Highway, Suite 700
San Diego, California 92101
Tel:(619) 272-7014
Facsimile:(619) 330-1819

**THE SULTZER LAW GROUP P.C.**

Jason P. Sultzer /s/
By: _____

Jason P. Sultzer, Esq.
Joseph Lipari, Esq.
Adam Gonnelli, Esq.
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
sultzerj@thesultzerlawgroup.com

*Counsel for Plaintiff and the Class*

**CLASS ACTION COMPLAINT**